UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTEVETS ACTION FUND,<br>2201 Wisconsin Avenue, NW #320<br>Washington, DC 20007,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>810 Vermont Avenue, NW<br>Washington, DC 20420,<br><br>*Defendant*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  Plaintiff VoteVets Action Fund ("VoteVets") brings this action against Defendant U.S. Department of Veterans Affairs ("VA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.  President Trump fired former VA Secretary David Shulkin last week. Former-Secretary Shulkin has now stated explicitly that Trump Administration appointees who favored privatization of VA services viewed him as an "obstacle to privatization who had to be removed."

3.  On March 5, 2018, Plaintiff submitted a FOIA request to Defendant for records that could reveal whether Mr. Shulkin was, in fact, forced out of the VA because of his opposition to privatization of VA services.

4.  To date, Defendant has not produced any documents to Plaintiff, and accordingly Plaintiff is seeking judicial intervention to compel Defendant to produce these records.

## Parties

5.     Plaintiff VoteVets is a not-for-profit organization incorporated under the laws of the District of Columbia.  Plaintiff is also known as VoteVets.org.  Plaintiff works to ensure that the voices of America's veterans are heard regarding matters of public policy.

6.     Defendant U.S. Department of Veterans Affairs is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, DC.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## Jurisdiction and Venue

7.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Factual Allegations

9.     In July 2017, then-Secretary Shulkin traveled to Europe.  Thereafter, an investigation by the Office of Inspector General ("OIG") "identified a number of serious derelictions concerning the trip," including that the Department improperly paid for the Secretary's wife to accompany him and that Secretary Shulkin improperly accepted a gift of Wimbledon tickets.[1]

10.    Following the release of the OIG report, several media outlets published articles and internal emails suggesting Trump administration officials affiliated with Concerned Veterans for America, an organization funded by conservative billionaires Charles and

---

[1] Office of the Inspector Gen., U.S. Dep't of Veterans Affairs, Administrative Investigation – VA Sec'y and Delegation Travel to Europe (Feb. 14, 2018), https://www.va.gov/oig/pubs/VAOIG-17-05909-106.pdf.

2

David Koch, sought to use Secretary Shulkin's travel and the subsequent investigation to remove him as VA Secretary in order to promote privatization of VA health services.[2]

11.     On March 28, 2018, President Trump fired Secretary Shulkin.[3]  While news reports have pointed to Mr. Shulkin's travel scandal as a reason for his removal,[4] many members of President Trump's cabinet have been involved in similar scandals regarding their use of taxpayer funds and remain in their positions.[5]

12.     Since he was fired, former Secretary Shulkin has publicly stated that proponents of privatization saw him "as an obstacle to privatization who had to be removed." He has also stated that he is "convinced that privatization is a political issue aimed at rewarding select people and companies with profits, even if it undermines care for veterans."[6]

13.     On March 5, 2018, prior to the Secretary's firing, but while the reported turmoil and infighting was ongoing at the VA, Plaintiff submitted a FOIA request to the VA, seeking the following records:

---

[2] *See, e.g.,* Dave Philipps & Nicholas Fandos, *Intrigue at V.A. as Secretary Says He Is Being Forced Out,* N.Y. Times, Feb. 15, 2018, https://www.nytimes.com/2018/02/15/us/veterans-affairs-david-shulkin.html; Richard Sisk, *White House Hedges on Shulkin As Vets' Groups Rally Behind Him,* Military.com, Feb. 20, 2018, https://www.military.com/daily-news/2018/02/20/vets-groups-push-save-shulkins-job-bid-against-va-privatization.html.

[3] *See, e.g.,* Donald J. Trump (@realDonaldTrump), Twitter (Mar. 28, 2018, 5:31 PM), https://twitter.com/realdonaldtrump/status/979108653377703936.

[4] *See, e.g.,* Amanda Macias & Dan Mangan, *How Veteran Affairs Department Secretary David Shulkin Fell from Grace,* CNBC, Mar. 28, 2018, https://www.cnbc.com/2018/03/28/how-veteran-affairs-department-secretary-david-shulkin-fell-from-grace.html.

[5] Max de Haldevang, *David Shulkin's Travel Spending is the Tip of the Iceberg in Trump's Scandal-Ridden Cabinet,* Quartz, Mar. 29, 2018, https://qz.com/1233703/david-shulkin-ryan-zinke-ben-carson-scott-pruitt-donald-trumps-cabinet-has-an-ethics-problem/.

[6] David J. Shulkin, *David J. Shulkin: Privatizing the V.A. Will Hurt Veterans,* N.Y. Times, Mar. 28, 2018, https://www.nytimes.com/2018/03/28/opinion/shulkin-veterans-affairs-privatization.html.

1. All records discussing or revealing communications with Concerned Veterans for America. This search should include, but not be limited to, a search for the Concerned Veterans for America email extension: cv4a.org.

   The time period of this request is January 20, 2017 to the present.

2. All communications within the Department or between the Department and the White House related to Secretary Shulkin's July 2017 trip to Europe, the ensuing OIG investigation or associated press coverage, including but not limited to any communications with any of the following terms: Merle Beri; England; London; Denmark; Copenhagen; Wimbledon; Michael J. Kussman; purge; or a reference to travel, trip, wife, OIG, Inspector General, or investigation in close proximity to Secretary or Shulkin.

   The time period of this request is July 1, 2017 to the present.

3. Any communications sent by or to Jake Leinenkugel, Camilo Sandoval, John Ullyot or Darin Selnick that discuss: Secretary Shukin's tenure as Secretary, any reference to a departure by Secretary Shulkin from that position, Vivieca Wright Simpson's tenure as Chief of Staff, any reference to a departure by Simpson from that position, or privatization or choice with regard to any VA services.

   The time period of this request is September 15, 2017 to the date the search is conducted.

4. All records related to the development of talking points and public statements about Secretary Shulkin's July 2017 trip to Europe and the associated OIG report.

   The time period of this request is September 15, 2017 to the present.

5. All communications within the Department or between the Department and the White House related to Secretary Shulkin's July 24, 2017 *USA Today* column, "VA health care will not be privatized on our watch."

14. Plaintiff requested that the search be limited to the following Department of Veterans Affairs offices: Office of Executive Secretary; Office of Assistant Secretary for Public & Intergovernmental Affairs; and the Office of Accountability & Whistle Blower Protection.

15. Plaintiff requested expedited processing of the FOIA request because there was a "compelling need" for the information. 5 U.S.C. § 552(a)(6)(E)(i)(I). The FOIA request stated:

> there is a compelling need to inform the public about apparent infighting at the Department of Veteran Affairs and how it impacts policy decisions that affect the health of America's veterans. The reporting that senior members of the Trump administration are seeking to undermine Secretary Shulkin because he opposes privatizing VA services are serious. The public, and particularly veterans, have a right to know about the dysfunction at the Department and whether it is driven by conservative political appointees and outside groups pushing a pro-privatization and anti-veteran policy agenda.

16. Plaintiff also requested a waiver of fees for the FOIA request, stating, inter alia, the waiver was warranted "because the disclosure of the information is in the public interest" and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

17. Defendant sent a letter to Plaintiff dated March 15, 2018, in which it acknowledged receipt of the FOIA request on March 5, 2018. The letter also stated that the FOIA request was referred to the Office of the Executive Secretary ("OSVA"), Office of Policy and Intergovernmental Affairs ("OPIA"), and the Office of Accountability Whistleblower Protection ("OAWP"). It provided tracking numbers for each component: 18-05372-F for OSVA, 18-05373-F for OPIA, and 18-05374-F for OAWP.

18. On March 30, 2018, Plaintiff's counsel's office spoke with a FOIA analyst in OPIA, who confirmed that OSVA, OPIA, and OAWP received the referral of the FOIA request on March 5, 2018.

19. On March 23, 2018, OSVA sent Plaintiff's counsel an email denying Plaintiff's request for expedited processing. The email also stated that due to a backlog of FOIA requests in the office's queue, it was likely that it would take more than 30 business days to process the request, and that the office therefore would not assess FOIA fees for processing the request.

20. In a phone call on March 29, 2018, a FOIA officer in OPIA told a representative of Plaintiff's counsel that the office had received the FOIA request, but the FOIA officer was unable to provide a date by which responsive records would be produced to Plaintiff.

21. Plaintiff has also received an April 5, 2018 letter from the VA Office of Inspector General stating that it had received the FOIA request.

22. Plaintiff has not received any additional information regarding the status of the FOIA request.

23. Defendant has not advised Plaintiff of any determination whether to comply with Plaintiff's FOIA request.

24. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## Claim for Relief

25. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. By failing to respond to Plaintiff's FOIA request within the statutorily mandated time frame, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to, the duties to conduct a reasonable search for responsive records, to take

reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. order Defendant to expedite processing of Plaintiff's FOIA request;

2. order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request using search methods reasonably likely to lead to the discovery of all responsive records;

3. order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

4. enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

5. order Defendant to grant Plaintiff's request for a fee waiver;

6. award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

7. grant any other relief this Court deems appropriate.

Dated: April 4, 2018                          Respectfully submitted,

/s/ *Javier M. Guzman*

Javier M. Guzman
(D.C. Bar No. 462679)
Robin F. Thurston
(D.C. Bar No. 1531399)*
*DDC admission scheduled*
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org
rthurston@democracyforward.org